**In re OGDEN MODULARS, INC., Debtor.**

**Bankruptcy No. 93–43108–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

April 4, 1997.

A. Thomas DeWoskin, Operating Trustee, St. Louis, MO.

Steven T. Stanton, Edwardsville, IL, for Debtor.

Peter D. Kerth, Clayton, MO, for Curt Ogden.

### ORDER

JAMES J. BARTA, Chief Judge.

This matter is before the Court on the application for compensation and reimbursement filed by Steven T. Stanton ("Applicant"), attorney for the Debtor, for services and expenses provided between November 21, 1994 and March 3, 1995. The total amount requested is $7,498.44. The issue discussed here involves compensation from assets of a Chapter 7 estate for legal services provided by Debtor's Counsel after confirmation of a Chapter 11 Plan and prior to revocation under 11 U.S.C. § 1144.

Pursuant to comments made by the United States Trustee, the Applicant agreed to reduce the total amount requested by $2,000.00. The United States Trustee did not file a written objection.

After the Applicant gave notice of his request, Curt Ogden, a prepetition creditor, filed an objection to the allowance of the fees and expenses, contending that the Applicant's services did not benefit the Debtor but were primarily for the benefit of others. He argued further that the Applicant's services performed during the period of time that the Debtor was operating as a Reorganized Debtor under a confirmed plan, are not compensable as an expense of administration because the Order of Confirmation was subsequently revoked. The matter was submitted to the Court on the record as a whole, including brief oral argument by the Parties.

This is a core proceeding pursuant to Section 157(b)(2)(B) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The Applicant was appointed Counsel for the Debtor In Possession in this case by Order of this Court dated January 13, 1994, effective January 1, 1994. The Debtor filed a liquidating Chapter 11 Plan on February 14, 1994 which was confirmed by Order of this Court on July 5, 1994. The Reorganized Debtor operated under the confirmed Plan until the Order of Confirmation was revoked by the Court on April 3, 1995. The basis for revocation of confirmation was the Debtor's failure to disclose material information which resulted in a finding that the confirmation had been procured by fraud. The order of revocation also directed the replacement of existing management by an Operating Trustee appointed by the United States Trustee. On June 21, 1996, the Operating Trustee's motion to convert the case to a case under Chapter 7 was granted. The Operating Trustee was appointed Interim Trustee in the converted case.

All of the services and expenses listed in the application at issue here were incurred during the period that the Reorganized Debtor was operating under the confirmed plan. The Applicant had previously been allowed approximately $19,700.00 as compensation and reimbursement for other postpetition Chapter 11 services and expenses. The confirmed plan provided for payment of attorneys fees under certain conditions. First, the Plan provided for payment of those attorney fees that were allowed as administrative

expenses under the Code and were filed no later than 30 days following the confirmation of the Plan. Additionally, in Article IX, the Plan provided authorization for the Reorganized Debtor to employ counsel for the purposes of implementing and enforcing the terms of the Plan, for the recovery of property of the estate, and for prosecuting objections to claims or to the priority of claims. The Reorganized Debtor was to retain a fund of $5,000.00 for the payment of such fees.

The effect of revocation under Section 1144 is to void the Order of Confirmation; to remove a debtor's authority to operate under the terms of the confirmed plan; and to question the legal consequences of a debtor's operations as a reorganized debtor. Anticipating the harsh consequences that could be imposed on innocent parties that may have dealt with the reorganized debtor, the Code provides that the order of revocation shall

> contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation....

11 U.S.C. § 1144(1).

Although the Bankruptcy Code provides no clear description of any other effect of revocation under Section 1144, two distinct alternatives are available. Either the case will be dismissed and the parties returned to their prepetition relationships, which may have become blurred by the Chapter 11 proceedings. Or the Court will construct a scheme that will permit the case to continue; preserve the positive results of the Chapter 11 case; provide a forum, if necessary, to sanction the perpetrator of the fraudulent conduct that was the basis of the revocation; and continue the promise of an equitable distribution of estate assets either through confirmation of an amended plan, or by conversion to Chapter 7. In most instances, a greater benefit will result from continuation of the case in a mode that is familiar and predictable. Therefore, revocation under Section 1144 returns the parties to their status prior to confirmation, subject to equitable adjustments that may be required to prevent further harm that might result from the fraudulent conduct that was the basis for the revocation. Any consideration of the post-confirmation/pre-revocation dealings between the Debtor and other parties will in the first instance assume the premise that the Debtor had been operating as a Debtor in Possession during that period.

With certain exceptions, an attorney for a Debtor in Possession employed pursuant to Section 327 represents a client that has the rights, powers and duties of a trustee under Chapter 11. 11 U.S.C. § 1107. These duties include the maximization of the value of the debtor's assets, and the recovery of property for the benefit of the bankruptcy estate. The legal services that are provided in connection with the performance of these duties, and that result in a benefit to the estate may be paid from estate assets. However, services that benefit other entities such as the debtor's officers, directors, principals, or shareholders are not compensable from estate assets. *In re Pine Valley Machine, Inc.*, 172 B.R. 481, 488 (Bankr.D.Mass.1994). Fees for these services are payable by the entity that received the benefit.

The services provided by the Applicant in this matter fall into two categories. The first category includes those services associated with the recovery of an asset of the estate, specifically a judgment owed to the estate by Curt Ogden. The Court finds and concludes that these services were beneficial to the Debtor and to the estate and are allowed as a Chapter 11 expense of administration in this Chapter 7 case in the amount of $1,060.00.

The second category of services were those associated with opposition to the Adversary Complaint to revoke the Order of Confirmation and opposition to the motion to appoint a trustee. These matters were the vehicles that led to the Court's revocation of the Order of Confirmation. *See In re Ogden Modulars, Inc.*, 180 B.R. 544, 545 (Bankr. E.D.Mo.1995). Substantially all of these services were performed between January 1, 1995 and March 31, 1995. These services were not beneficial to the Debtor. In view of the testimony and evidence presented at trial, and on consideration of the record as a whole, the Court finds and concludes that these services benefited the interests of officers and insider principals of the Debtor. Even though the interests of officers and

insiders frequently coincide with the interests of a debtor corporation, in the circumstances here, no mutual benefit was shown to have existed. Compensation for these services should be paid by the entities that received the benefit, and not from the limited assets that are available for allowed claims in the Chapter 7 case.

A significant amount of time for which compensation is requested here includes the Applicant's travel to and from the Court and other locations to attend hearings and to meet with the Debtor's officers. Unless unusual circumstances are shown to exist, travel time in the Metropolitan area is usually not compensable to debtor's counsel from Chapter 7 assets.

**IT IS ORDERED** that this matter is concluded; and that the objection to the Application for Payment of Administrative Expenses is **SUSTAINED IN PART AND OVERRULED IN PART;** and

That Steven T. Stanton is allowed the amount of $1,060.00 as compensation for legal services provided to the Debtor for the period from November 24, 1994 through April 3, 1995; and that such allowed amount is to be paid as a Chapter 11 expense of administration; and that all other requests in this matter are **DENIED.**